## City of Amboy
### *v.*
## True P. Sleeper.

City of Amboy—*its powers.*—The City of Amboy has authority, under its charter, to pass ordinances to punish a party committing an assault and battery.

Writ of Error to the Circuit Court of Lee county; the Hon. William W. Heaton, Judge, presiding.

This was an action of debt originally instituted by the City of Amboy, in Lee county, against True P. Sleeper, before the police magistrate of that city.

The action was founded upon an alleged assault and battery committed by Sleeper upon the person of Edward Mack, in violation of an ordinance of said city, passed on the 11th day of June, 1861, entitled " An ordinance in relation to assaults and battery, affrays and unlawful assemblings."

The following sections, only, have reference to this case :

" *Sec.* 1. Be it ordained by the City Council of the City of Amboy, that all actions of assault, assault and battery, and affrays, occurring within the city limits of the city of Amboy, shall be brought under the ordinances of said city, and not otherwise."

" *Sec.* 3. An assault and battery is the unlawful beating of another, and shall subject the offender to a fine of not less than three, nor more than one hundred dollars."

The trial before the police magistrate resulted in a judgment against Sleeper for the sum of seventy-five dollars and costs, from which he appealed to the Circuit Court, in which such proceedings were had, that after a jury were empanneled and sworn, on motion of the defendant, the court refused to admit in evidence the ordinance mentioned, and discharging the jury from the further consideration of the case, dismissed the suit at the plaintiff's costs.

Thereupon the plaintiff sued out this writ of error.

The only question presented, is in reference to the authority of the city to pass the ordinance under which this prosecution was had.

Mr. W. E. Ives, for the plaintiff in error, cited section 36, article 5, of the charter of the city of Amboy.

Messrs. E. A. Storrs, and John V. Eustace, for the defendant in error.

Mr. CHIEF JUSTICE CATON delivered the opinion of the Court.

The case of *Petersburg* v. *Metzker*, 21 Ill. 205, settles this case. The authority conferred upon the city to pass this ordinance is broader even than in that case, and we recognized the authority in that case for the city to pass ordinances to punish parties who commit assault and batteries ; and the only objection to the ordinance was, that it imposed a greater punishment than is inflicted by the general laws of the State. Here the punishment is precisely the same, and we regard the power of the city to pass the ordinance as unquestionable.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*